1
2
3
4
5
6
7               UNITED STATES DISTRICT COURT
8               CENTRAL DISTRICT OF CALIFORNIA
9

10  THEA VAN SEIJEN,                    CASE NO: CV12- 9896 FMO (FFMx)

11              Plaintiff,              [~~PROPOSED~~] PROTECTIVE
                                        ORDER
12        vs.
                                        Action Commenced November 19, 2012
13  ROBERT FITZGERALD DIGGS aka
    "THE RZA" aka "RZA" aka "BOBBY
14  DIGITAL", LAMONTIE MITCHELL         DISCOVERY MATTER
    aka "DADDIO", TALANI RABB,
15  LAMONTIE MITCHELL
    ENTERPRISES, WU MUSIC GROUP
16  LLC., RZA PRODUCTIONS INC.,
    DELUXE MANAGEMENT INC.,
17  BROADCAST MUSIC
    INCORPORATED, and DOES 1-10,
18  inclusive,

19              Defendants.

20
21        Upon stipulation of the parties and consideration of the representation of the

22  parties and the matters presented to the Court, the Court enters this Order to provide

23  for protection of the respective parties' proprietary data for purposes of discovery

24  and pre-trial in this proceeding.

25        1.    Information Subject To The Protective Order

26        (a)   Defendants' Information

27        Defendants identify that they seek protection of the following confidential

28  proprietary and financial information that has not been made public and that reflects

or concerns Defendants' sales, revenues, expenses, or profits from exploitation of the sound recordings and/or compositions "I Love You," "My Love," "Baby Boy," "Fury in My Eyes/Revenge," "Try Ya Ya Ya," "Good Night," "Creep," "Drama," "Love is Digi/Part II," "Fight for You," "Bloody Days Bloody Nights," "Bloody Samurai," "NYC Crack," and "Killer Bee Till Ya Die," (collectively, the "Songs") or the creation of the songs:  (i) publishing statements; (ii) recording artist statements; (iii) licenses and other agreements relating to exploitation of the sound recording or composition; (iv) internal accounting or financial documents and information relating to sales, revenue, expenses, or profits from exploitation of the songs; and (v) materials involved in the creation of the songs that have not previously been made public.  Defendants represent to the Court that the foregoing materials are and at all times have been maintained in strict confidence by Defendants, are not publicly available, and have not been disclosed to third parties except to the extent reasonably necessary for business purposes under circumstances where the confidentiality of the materials would be maintained, and that public disclosure of the foregoing materials, including to Defendants' competitors, would cause competitive injury and prejudice due to the proprietary nature of information concerning Defendants' expenses, revenues, profits, financial terms of licenses and other agreements, and materials involved in the creation of the sound recording that have not previously been made public.

(b)     Plaintiffs' information.

Plaintiff indicates that she may designate certain financial information as confidential pursuant to this protective order, and that she may designate other information sought in discovery by the Defendants as confidential, under this protective order.

(1)     The nature of the information designated by Plaintiff would be licenses of Plaintiff's compositions or recordings with particular entities, which would identify the entity and the license amount.  The identity of Plaintiff's

1  licensees and the amounts that they pay Plaintiff for licensed music and sound

2  recordings, would be of the nature that would be considered proprietary.

3          (2)    Earnings of the Plaintiff's musical compositions and sound

4  recordings would be of the nature that would be considered proprietary in the music

5  industry.

6      2.    For the purposes of this Order, the words "document" and "documents"

7  are used in the broadest possible sense and refer, without limitation, to documents as

8  they are defined in Fed. Rule of Civ. Pro. 34(a)(1)(A) and 34(b)(2)(B).

9      3.    In connection with discovery proceedings in this action, the parties may

10  designate any document, thing, material, testimony, or other information derived

11  therefrom, as "Confidential" under the terms of this Protective Order.  Confidential

12  information is information which has not been made public and which concerns or

13  relates to the matters described in Paragraph 1(a) and 1(b), above.

14      4.    By designating a document, thing, material, testimony or other

15  information derived therefrom as "Confidential" under the terms of this Order, the

16  party making the designation is certifying to the Court that there is a good faith basis

17  in law and in fact for the designation within the meaning of Fed. R. Civ. P. 26(g).

18      5.    Confidential documents shall be so designated by stamping copies of

19  the document produced to a party with the legend "CONFIDENTIAL" or by cover

20  letter designation identifying the page numbers of the production that the party

21  designates as confidential.  All documents produced in discovery shall be

22  sequentially numbered with no numbers repeated in a numbering sequence to be

23  agreed upon by the parties.  Stamping the legend "CONFIDENTIAL" on the cover

24  of any multipage documents shall designate all pages of the document as

25  confidential, unless otherwise indicated by the producing party.  Responses to

26  interrogatories or requests for admissions may be designated as "CONFIDENTIAL"

27  by clearly labeling them as such in the body of the response.  Any confidential

28  electronically stored information produced on magnetic disks or other computer-

related media may be designated as such by labeling each disk "CONFIDENTIAL" prior to production.  Electronic or native documents or information shall be similarly labeled where practicable, and where not practicable, written notification by a producing party that it is producing materials as confidential shall suffice for treatment as provided herein.

6.    Testimony taken at a deposition may be designated as confidential by making a statement to that effect on the record at the deposition.  Upon a party identifying the testimony at the time of deposition as confidential, the court reporter shall prepare the transcript of the testimony in a separate binder designation as confidential.  Testimony designated as confidential after the deposition transcript is prepared shall be maintained as confidential, but the transcript should not be modified.

7.    Material designated as confidential under this Protective Order, the information contained therein, and any summaries, copies, compilations, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used by the receiving party only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

8.    Confidential Material produced pursuant to this Protective Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel, and in-house counsel), and to the "qualified persons" designated below:

(a)    a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(b)    experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

(c)    court reporter(s) employed in this action;

(d)    a witness at a deposition for purposes of a deposition held in

connection with this case, where such Confidential Material is relevant to a subject matter of which the deponent could or is likely to have knowledge;

(e)     the authors, senders, addressees, and copy recipients of the Confidential Material; and,

(f)     any other person as to whom the parties in writing agree.

9.     Only qualified persons listed under subparagraphs 8(a) or 8(b), above, may attend depositions at which Confidential Material is used or discussed.

10.     Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

11.     Nothing herein shall be construed to affect in any manner the admissibility at trial of any document, testimony or other evidence.  The terms of this Protective Order do not preclude, restrict, or otherwise apply to the use of documents at trial.

12.     Any witness or other person, firm, or entity from which discovery is sought may be informed of and may obtain the protection of this Protective Order by providing all parties with a declaration executed under penalty of perjury agreeing to comply with and be bound by the provisions of this Order and to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing or otherwise providing relief relating to this Order.

13.     If Confidential Material, including any portion of a deposition transcript designated as Confidential, is included in any papers to be filed with the Court, such papers shall be submitted for filing with the Court along with an application and proposed order to file the papers under seal in compliance with Local Rule 79-5.1.  The application shall be directed to the judge to whom the papers are directed.  Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

14.     If Confidential Material is inadvertently disclosed to any person other than in the manner authorized by this Protective Order, the person responsible for the disclosure must promptly inform the designating party of all pertinent facts relating to such disclosure, shall make every effort reasonably required to secure the return of such Confidential Material from any unauthorized person who has possession of it, and shall make every effort reasonably required to prevent disclosure by each unauthorized person who received such Confidential Material. The inadvertent or unintentional disclosure of any Confidential Material without an appropriate designation shall not be construed to be a waiver, in whole or in part, of that party's right to claim that the Confidential Material should be subject to protection as Confidential Material under this Order.

15.     If any Confidential Material obtained, or any material derived or generated therefrom, is sought through discovery from either party by any other litigant in any other judicial or administrative proceeding, each party agrees to immediately notify the designating party in writing so as to permit the designating party to seek a protective order from the appropriate court.

16.     This Protective Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted, (ii) to seek and obtain, upon an appropriate showing, additional protection with respect to the confidentiality of Confidential Material or relief from this Protective Order with respect to particular designated Confidential Material, or (iii) to present a motion to the Court under Fed. R. Civ. P. 37 to compel the redesignation or production as to any particular document or information should any party object to any designation of confidentiality, provided the parties comply with Local Rule 37.  In making or opposing any motion regarding the designation of specific material as confidential under this Order, the designating party shall bear the burden of showing specific harm or prejudice that will result if no protective

1  order is granted for the material.  This Protective Order shall not be deemed to

2  prejudice the parties in any way in any future application for modification of this

3  Protective Order.

4        17.    This Protective Order is entered solely for the purpose of facilitating

5  the exchange of documents and information between the parties to this action

6  without involving the Court unnecessarily in the process.  Nothing in this Protective

7  Order nor the production of any information or document under the terms of this

8  Protective Order nor any proceedings pursuant to this Protective Order shall be

9  deemed to have the effect of an admission or waiver by either party or of altering the

10  confidentiality or non-confidentiality of any such document or information or

11  altering any existing obligation of any party or the absence thereof.

12        18.    This Protective Order shall survive the final termination of this action,

13  to the extent that the information contained in Confidential Material is not or does

14  not become known to the public, and the Court shall retain jurisdiction to resolve

15  any dispute concerning the use of information disclosed hereunder.  Upon

16  termination of this case, including all appeals, and upon 60-days written request by

17  counsel for the providing party, the parties shall assemble and return to each other

18  all Confidential Material, including all documents, material and deposition

19  transcripts designated as confidential and all copies, abstracts, and summaries of

20  same, or shall certify the destruction thereof.  Notwithstanding the foregoing, the

21  parties shall not be obligated under this Protective Order to ensure the destruction of

22  any copies of electronically-stored information made by the automatic processes of

23  their computer systems, including but not limited to any such copies that may reside

24  on their servers and/or backup tapes.

25        IT IS SO ORDERED.

26

27  Dated:  May 14, 2013        /S/ FREDERICK F. MUMM

28                                  FREDERICK F. MUMM
                                UNITED STATES MAGISTRATE JUDGE

KING, HOLMES,
PATERNO &
BERLINER, LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28